# United States District Court
## For the Western District of Virginia
### Harrisonburg Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:14CR00002 <br><br> **REPORT AND RECOMMENDATION** <br><br> By: James G. Welsh <br> U. S. Magistrate Judge |
| v. | | |
| **JOHNNY LEWIS HUNTER,** | | |
| *Defendant* | | |

On January 9, 2014 came the United States of America, by counsel, and came also the defendant, in his own proper person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a written plea agreement, pursuant to which the defendant desired to waive his absolute right to grand jury presentment and to permit the filing of a criminal Information charging him in one count with participating in a criminal conspiracy to manufacture, distribute, and possess with intent to distribute a substance containing cocaine base (*crack*) and in a second count with possessing a firearm in furtherance of the charged drug trafficking offense.

The court then received for filing the Information charging in **Count One** that from in or around January 2013 and continuing through on or about March 18, 2013, in the Western District of Virginia and elsewhere, the defendant did knowingly and intentionally combine, conspire, confederate and agree, together and with other persons to manufacture, distribute and possess with intent to distribute twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)B). And charging in **Count Two** that on or about March 18, 2013, in the Western District of Virginia, the defendant did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, in furtherance of the crime charged in Count One. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). In addition, the Information contains a **Notice of Forfeiture** apprising the defendant that certain of his property is subject to forfeiture upon conviction of any one or more of the offenses alleged against him.

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and his counsel, an initial appearance, waiver of indictment, arraignment, and a plea hearing were conducted before the undersigned on January 9, 2014. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Elizabeth Wright, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Joel C. Hoppe, Assistant Federal Public Defender.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that his name is JOHNNY LEWIS HUNTER, he is forty-one (41) years of age, and he has a high school education. He represented that he can read, write and understand the English language without difficulty, that he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, that he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and that his mind is clear. The defendant's attorney then stated that he had no

reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charges contained in the two-count Information.

## DEFENDANT'S RESPONSES TO RULE 7 ENQUIRIES

The defendant testified that he had discussed both charges set forth in the Information with his attorney, that he had previously received a copy of the Information and had read it, that he fully understood the charges, and that he knew that each count of the Information charged him with a felony offense for which he could be sentenced to a significant term of imprisonment. *See* Rule 7(b). He further testified that he knew he had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment; he stated that he understood a grand jury might not find probable cause to believe he had committed the alleged offenses, that a grand jury might not return an indictment against him on the charges, that his waiver of indictment represented a voluntary relinquishment of his constitutional right to grand jury presentment, and that it would mean that the charges in the Information would proceed as though he had been indicted. *See* Rule 7(b). Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offenses by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offenses charged in the Information, that his client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charges was fully voluntary on his part.

After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information, formally charging the defendant as set forth above, was also filed and made a part of the record. In connection therewith, it was noted

3

for the record that the defendant's waiver of indictment was knowingly and voluntarily made with the advice and assistance of his counsel.

With the defendant's informed and written consent, the undersigned then made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the defendant's plea, and the defendant entered pleas of guilty to two felony offenses charged in Count One and Count Two of the Information.

## DEFENDANT'S RESPONSES TO RULE 11 ENQUIRIES

The defendant re-acknowledged that he had received a copy of the Information and fully understood the charges against him. He re-acknowledged that he was under oath and was obligated to testify truthfully in all respects under penalty of perjury and he re-acknowledged his understanding that the government had the right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the charges against him in the Information, and he specifically understood each count charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter pleas of guilty to the charges had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering pleas of guilty to two felony offenses which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offenses charged in Count One and Count Two of the Information.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for both parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to waive and give-up his right to be charged by Grand Jury presentment [¶A.1]; the agreement of the defendant to plead guilty to the two felony charges alleged against him in the Information [¶A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for the conspiracy offense charged in Count One is a fine of $8,000,000.00, imprisonment for a term of life and a mandatory term of supervised release of not less than eight (8) years [¶A.1.]; the defendant's express acknowledgment that the mandatory minimum sentence of imprisonment for the conspiracy offense charged Count One is a term of ten (10) years [¶A.1.]; the defendant express acknowledgment that the maximum statutory penalty for the firearms offense charged in Count Two is a fine of $250,000.00, imprisonment for a term of life and a mandatory term of supervised release of five (5) years [¶A.1.]; the defendant's express acknowledgment that the mandatory minimum sentence of imprisonment for the firearms offense charged Count Two is a term of five (5) years [¶A.1.]; and the defendant's further express acknowledgment that any sentence imposed for violation of the offense charged in Count Two must be served consecutively to every other sentence imposed [¶A.1.]; his acknowledgment that he may be required to pay restitution, that his assets may be subject to forfeiture, that fees may be imposed to pay for incarceration and supervised release, and that he is obligated to pay a special assessment of $100.00 per felony count of conviction pursuant to 18

U.S.C. § 3013 [¶¶A.1. and B.5.a.]; the defendant's stated understanding that his supervised release may be revoked if he violates its terms and conditions and his further understanding that a violation of supervised release increases the possible period of incarceration [¶A.1.]; the defendant's express admission of his factual guilt to both offenses charged in the Information [¶A.1.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty pleas irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's express acknowledgment that he would not be eligible for parole during any term of incarceration and his express recognition that there is a "substantial likelihood" he will be incarcerated [¶ B.1.]; the defendant's acknowledgment that the government will object to any sentence below the guideline range [¶B.1.]; the defendant's express acknowledgment that the government has filed an Information pursuant to 21 U.S.C. § 851 subjecting him to an increased punishment by reason of a prior felony drug conviction and his express affirmation that he was previously convicted of *Conspiracy to Distribute Narcotics in violation of 21 U.S.C. § 846* as set forth in more detail in the written plea agreement [¶B.2.]; the agreement of the government not to seek additional enhancement of the defendant's penalty range , "[i]f he complies with his obligations under the plea agreement [¶B.2.]; the defendant's stipulation that all matters pertaining to any counts in the charging document are relevant sentencing conduct [¶ B.3.]; as to sentencing guideline sections not inconsistent with the stipulations, recommendations and terms of the plea agreement, the right is reserved to each party to argue which sections should or should not apply [¶B.3.]; the terms of the agreement's acceptance of responsibility provision

[¶B.3.]; the terms of the agreement's substantial assistance provision [¶B.4.]; the defendant's monetary and related obligations, including the terms of his obligation to pay a mandatory assessment of $100.00 per felony count of conviction and to pay restitution of the entire scope of his criminal conduct [¶B.5.a.]; the terms of the defendant's monetary and financial disclosure obligations [¶ B.5.b.]; the defendant's express consent to entry of an Order of Forfeiture covering a firearm described in detail in the plea agreement and his agreement to cooperate fully in the property forfeiture [¶C.]; the scope of the defendant's express waiver of his right of direct appeal [¶D.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶D.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶D.3.]; the defendant's abandonment of any seized property [¶D.5.]; the defendant's acknowledgment that, if he is not a citizen, he may be subject to deportation as a result of his conviction of the offences to which he is pleading guilty [¶D.6.]; the defendant's various additional duties and obligations [¶D.8.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶E.]; the defendant's acknowledgment that he had been effectively represented in this case [¶F.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶¶F.2, and F.4.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his

7

understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the criminal conspiracy offense charged in Count One of the Information had been outlined to the defendant; he acknowledged that he understood the maximum statutory penalty provided by law for conviction of said offense is confinement in a federal penitentiary for life, a fine of $8,000,000.00 and a mandatory term of supervised release of not less than eight (8) years, and he further acknowledged expressly that the mandatory minimum sentence of imprisonment for the said conspiracy offense charged in Count One is a term of ten (10) years. *See* Rule 11(b)(H)-(I).

After the range of punishment for the firearms offense charged in Count Two of the Information had been outlined to the defendant; he acknowledged that he understood the maximum statutory penalty provided by law for conviction of said offense is confinement in a federal penitentiary for life, a fine of $250,000.00 and a mandatory term of supervised release of five (5) years; he acknowledged expressly that the mandatory minimum sentence of imprisonment for the said firearms offense charged Count Two is a term of five (5) years, and that any sentence imposed for violation of the offense charged in Count Two must be served consecutively to every other sentence imposed. *See* Rule 11(b)(H)-(I).

In addition, the defendant re-acknowledged that he understood that he would be required to pay a mandatory $200.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release" (as outlined in the plea agreement), and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶D.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶D.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The

defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

The defendant acknowledged that in the event he received a more severe sentence than he expected or the court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offenses charged in Counts One and Two of the Information because he in fact participated in a criminal conspiracy to possess with intent to distribute and to distribute 28 grams or more of *crack* cocaine as alleged against him and that he had also in fact possessed a firearm in furtherance of that drug trafficking offense.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the essential facts that the government was prepared to prove at trial to establish the offenses charged against this defendant in Counts One and Two of the Information. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the defendant's acknowledgment of his signature and with the acknowledgment of his attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. By counsel, the defendant waived his right to a reading of the Information. Upon being then called-upon for his plea to each count of the Information the defendant entered a plea of GUILTY to the offense charged in Count One

alleging his violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(B), and he entered a plea of GUILTY to the offense charged in Count Two alleging his violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his pleas of guilty and after an independent basis for both pleas was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal, pending preparation of a pre-sentence report and acceptance of his guilty pleas by the presiding district judge.

## GOVERNMENT'S EVIDENCE

The written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant's waiver of grand jury presentment was knowingly and voluntarily made with the advice and assistance of counsel and fully complies with Rule 7(b);

2. The defendant is fully competent and capable of entering an informed plea to the drug-related conspiracy charge set forth in Count One of the Information;

3. The defendant is fully competent and capable of entering an informed plea to the firearms charge set forth in Count Two of the Information;

4. The defendant is fully aware of the nature of the charge set forth in Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

5. The defendant is fully aware of the nature of the charge set forth in Count Two, and he is also fully aware of the consequences of his guilty plea to said offense;

6. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

7. The defendant's pleas of guilty were made pursuant to a fully voluntary written plea agreement;

8. The defendant's entry into the plea agreement and his tender of pleas of guilty pursuant to the terms of the plea agreement were all made with the advice and assistance of counsel;

9. The defendant knowingly and voluntarily entered his said pleas of guilty;

10. The defendant's pleas of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1); and

12. The evidence presents an independent basis in fact containing each essential element of the offenses to which the defendant has entered pleas of guilty.

**RECOMMENDED DISPOSITION**

Based on the above findings of fact, the undersigned RECOMMENDS that the court ACCEPT the plea agreement, that the court ACCEPT the defendant's pleas of guilty to the offenses charged in Counts One and Two of the Information, that the defendant be ADJUDGED GUILTY of both felony offenses, and that a sentencing hearing be held on April 2, 2014 beginning at 4:00 p.m. before the presiding district judge.

### NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 17th day of January 2014.

*s/ James G. Welsh*
United States Magistrate Judge